UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

HILL WINE COMPANY, LLC,　　　　　　　　　　　　　　　No. 14-10680

　　　　　　　　　　　　Debtor(s).
_____/

LOIS I. BRADY, Trustee,

　　　　　　　　　　　　Plaintiff(s),

　　　　　v.　　　　　　　　　　　　　　　　　　　　　A.P. No. 14-1136

TERRY OTTON, et al.,

　　　　　　　　　　　　Defendant(s).
_____/

Memorandum on Motion to Dismiss Counter-claim
_____

　　　　Defendants Terry and Nancy Otton are not in an enviable position in relation to the Chapter 7 bankruptcy of debtor Hill Wine Company, LLC. The Chapter 7 trustee, plaintiff Lois Brady, alleges that, among other things, the debtor gave them a security interest in its assets to secure a pre-existing debt just 58 days before its bankruptcy filing. The Ottons have vigorously denied any liability, as is their right. However, the extent of their litigation tactics are of concern to the court.

　　　　At the time of the bankruptcy, Terry Otton was a defendant in a state court lawsuit brought by

1

Umpqua Bank, alleging that Otton was liable to it as a guarantor of Hill Wine Company's obligations to it. Otton's counsel, Gary M. Kaplan, removed the action to this court and then filed a third-party complaint against the debtor seeking damages, including prepetition and postpetition interest, as reimbursement for anything Otton had to pay Umpqua Bank. Kaplan is an experienced bankruptcy attorney, and knew full well that the only proper way to recover money from a bankruptcy estate on account of a prepetition obligation is by filing a proof of claim, and that his client's rights were governed exclusively by § 502(e) and § 509 of the Bankruptcy Code. When that case came on for scheduling, the court informed Kaplan what Kaplan already knew: the matter was to be remanded to state court, where his third-party complaint would be permanently stayed, and that his clients could file a proof of claim for reimbursement. The court held off on remand only because Umpqua Bank and Otton alleged that they were close to a settlement. However, when Kaplan proceeded to prosecute his improper third-party complaint the court was compelled to order it stayed.

Given Kaplan's improper third-party complaint in the Umpqua Bank matter and the need for the court to take action to stay it, the court was not happy when Kaplan repeated his improper conduct in this adversary proceeding by filing a "counter-claim" against the defunct debtor for the same reimbursement Kaplan sought in the Umpqua Bank matter as well as $1.4 million in damages for failure of the debtor to pay on promissory notes.[1] Kaplan knew full well that a creditor could not properly obtain a money judgment against a corporation in Chapter 7 on account of prepetition claims or in any way gain priority over other unsecured creditors and that distributions in Chapter 7 cases must be as specified in § 726 of the Bankruptcy Code.

It appearing that Kaplan had filed his counter-claim only to increase needlessly the cost of litigation and with full knowledge that his claims were not allowed by law, the court ordered him to show cause why he should not be sanctioned. At the same time, Brady filed a motion to dismiss the

---

[1] Although Kaplan docketed his counter-claim as being against plaintiff Brady, the named counter-defendant is not Brady but the debtor.

2

counter-claim. Since this matter is best resolved by argument of the parties, the court elects to vacate its order to show cause and proceed solely on Brady's motion.

At the hearing on Brady's motion and the court's order to show cause, Kaplan argued, for the first time, that his counter-claim was only "defensive" in nature. Had Kaplan pleaded it that way, or by any other means communicated to anyone that he was not seeking a money judgment against a Chapter 7 estate, then everyone would be in agreement and this dispute would be only a matter of semantics. However, up until the hearing Kaplan had not given any indication that his actions were defensive in nature. He clearly prayed for a money judgment, including interest and attorney's fees, suing a bankrupt entity for money it owed before filing as if it were not in bankruptcy. The court is therefore compelled once more to step in and stop Kaplan from making litigation needlessly and improperly more complex and expensive for everyone.

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, an action should be dismissed if it fails to state a claim upon which relief can be granted. The court cannot grant relief to the Ottons on their counter-claim because to do so would violate § 502 and § 726 of the Bankruptcy Code as well as Rule 3002(a) of the Federal Rules of Bankruptcy Procedure. There is no conceivable scenario whereby an unsecured creditor can obtain an enforceable money judgment against a Chapter 7 estate on account of a prepetition debt.

The court is unswayed by the cases cited by the Ottons. The court does not find that their counter-claim violated the automatic stay. It does find that the counter-claim is procedurally improper because it seeks relief which would be inappropriate in the context of a Chapter 7 case. None of the cases cited by the Ottons permits a money judgment against a Chapter 7 estate on account of a prepetition debt.

For the foregoing reasons, Brady's motion to dismiss the counter-claim will be granted, without leave to amend, but also without prejudice to the filing of a proof of claim and without prejudice to raising any of the matters asserted in the counter-claim as a defense or setoff, to the extent permitted

3

Case: 14-01136    Doc# 35    Filed: 01/29/15    Entered: 01/29/15 13:22:12    Page 3 of 4

by applicable law.[2]  The Ottons shall have leave to amend their answer.

Counsel for Brady shall submit an appropriate form of order.

Dated:  January 29, 2015

Alan Jaroslovsky
U.S. Bankruptcy Judge

---

[2] Pursuant to § 502(d) of the Bankruptcy Code, a prepetition claim against the debtor cannot be setoff against a judgment for recovery of a preference.

4