Entered on Docket
March 19, 2015
EDWARD J. EMMONS, CLERK
U.S. BANKRUPTCY COURT
NORTHERN DISTRICT OF CALIFORNIA

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

In re

HILL WINE COMPANY, LLC,  No. 14-10680

                    Debtor(s).
_____/

LOIS I. BRADY, Trustee,

                    Plaintiff(s),

        v.  A.P. No. 14-1136

TERRY OTTON, et al.,

                    Defendant(s).
_____/

Memorandum on Motion to Dismiss Third Party Complaint
_____

       The complaint filed by plaintiff Lois Brady, the Chapter 7 trustee of debtor Hill Wine Company, alleges that defendants Jeffry and Rebecca Hill, former principals of the debtor, breached their fiduciary duties to the debtor before bankruptcy by intentionally doing several dishonest acts, including altering harvest tags, adulterating wines, and selling mis-labeled wine. The Hills have filed a third party complaint against Philippe Langer, the debtor's former director of winemaking, and Greg Fitzgerald, the debtor's former winemaker. Langer and Fitzgerald have moved for dismissal of the third party complaint against them.

       The third party complaint contains two claims against Langer and Fitzgerald: first, that they

1

harmed the debtor by illegally blending and mis-labeling wine, falsified documents and stole wine from the debtor, so that the Hills "lost their equity" in the debtor; and second, that Langer and Fitzgerald were responsible, in whole or in part, for the damages Brady claims in her complaint, so that Langer and Fitzgerald are liable for contribution and indemnity. Langer and Fitzgerald argue that there is no federal jurisdiction over them, that the allegations of fraud are not specific enough and that the claim for contribution and indemnity is not ripe.

The three arguments made by Langer and Fitzgerald are easily dealt with and have no merit. The complaint is sufficiently specific to withstand a motion to dismiss. Rule 14(a)(1) of the Federal Rules of Civil Procedure trumps state law as to ripeness. *Discovery Group LLC v. Chapel Development, LLC,* 574 F.3d 986, 989n (8th Cir. 2009); 25 **Fed.Proc.L.Ed**., § 59:237. A bankruptcy court has ancillary and pendent jurisdiction over a proper third-party complaint. See *In re Lockridge,* 303 B.R. 449, 455 (Bkrtcy.D.Ariz.2003), and cases cited therein.

However, the third-party complaint in this case is not proper. A third-party complaint cannot merely allege that the third party defendant may be liable to the plaintiff; it "must plead some other theory, such as a right of contribution, indemnity, subrogation or warranty that indicates that the third party is liable to the defendant." 25 **Fed.Proc.L.Ed**., § 59:232. The third-party defendant's liability must be secondary, dependent on or derivative of the outcome of the main case. 25 **Fed.Proc.L.Ed**., § 59:231.

In this case, the first claim against Langer and Fitzgerald in the third party complaint is not derivative; it merely suggests to Brady that there are others she can sue. This is not a proper use of a third-party complaint. The claim is primary, belong to the bankruptcy estate, not the Hills personally. The Hills cannot bootstrap the claim into a personal cause of action by alleging that their equity in the debtor was diminished, any more than they could sue a debtor of Hill Wine Company over an unpaid invoice. "[A] defendant cannot stand as third-party plaintiff and bring against a third-party defendant a claim that properly belongs to the plaintiff but that the plaintiff has elected not to pursue." 25

2

**Fed.Proc.L.Ed**., § 59:231.

The second claim against Langer and Fitzgerald fails because the complaint accuses the Hills of intentional acts. Even if the Hills have some sort of contractual or equitable right to indemnity, such a right does not apply to an indemnitee's active, rather than passive, negligence or willful misconduct. *Rossmoor Sanitation, Inc. v. Pylon, Inc*. (1975) 13 Cal.3d 622, 628–629; and intentional tortfeasors have no right of contribution. 14A **Cal.Jur.3d**, Contribution and Indemnification, § 85.

For the foregoing reasons, the court will grant the motion to dismiss the third party complaint even though the court finds no merit to the arguments made by Langer and Fitzgerald. However, because Langer and Fitzgerald did not present arguments for a final adjudication on the merits and argued for abstention, the dismissal will be without leave to amend but also without prejudice; the court will merely abstain from hearing any claims the Hills may have against Langer and Fitzgerald. The court will enter an appropriate order.

Dated: March 19, 2015

Alan Jaroslovsky
U.S. Bankruptcy Judge